UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC.; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; and CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS, <br><br>    Plaintiffs, <br><br>  vs. <br><br>SL1 CONSTRUCTION & EXCAVATION INCORPORATED, a Kentucky corporation, <br><br>    Defendant. | Case No.: 1:25-cv-1669 |

## COMPLAINT

NOW COME the Plaintiffs, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC., the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND ("collectively, the "Trust Funds"), and the CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS ("Union") (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, SL1 CONSTRUCTION & EXCAVATION INCORPORATED ("SL1 Construction"), and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs"), and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002(37).

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC. is the authorized collection agent for the Central Midwest Regional Council of Carpenters

        Welfare Fund and the Central Midwest Regional Council of Carpenters Defined Contribution Pension Plan.

7. The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

8. The Union is the bargaining representative of SL1 Construction's bargaining unit employees.

9. SL1 Construction is a Kentucky corporation with its principal place of business in Salyersville, Kentucky.

## COUNT I
## BREACH OF CONTRACT

10. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. SL1 Construction is an employer engaged in an industry affecting commerce.

12. SL1 Construction entered into a Memorandum of Agreement ("MOA") with the Union. (A copy of the MOA is attached as **Exhibit 1**).

13. Through the MOA, SL1 Construction agreed to be bound by the Union's various CBAs. (**Exhibit 1**).

14. Through the CBAs, SL1 Construction agreed to be bound by the Trust Funds' Trust Agreements.

15. Pursuant to the provisions of the CBAs and Trust Agreements, SL1 Construction is required to make monthly reports of the number of hours worked by its covered employees ("monthly remittance reports") and pay contributions to the Trust Funds and wage deductions to the Union at the negotiated rate set forth in the CBAs on or before the twentieth (20th) day following the month in which the work is performed.

16. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections/Audit Policy"), which governs the collection of delinquent employer contributions and the performance of payroll compliance audits.

17. Pursuant to Section 502(g)(2) of ERISA, the Collections/Audit Policy, and the Trust Agreements, employers who fail to submit their monthly remittance reports and remit contributions to the Trust Funds are responsible for the payment of liquidated damages, interest, and attorneys' fees and costs associated with the collection of the delinquent contributions.

18. Pursuant to the CBAs, Trust Agreements, and Collections/Audit Policy, SL1 Construction is required to furnish the Trustees, upon request, with information that the Trust Funds' auditors may require in order to determine the accuracy of the contributions remitted by SL1 Construction.

19. The Trust Funds sought to audit SL1 Construction pursuant to the CBAs, Trust Agreements, and Collections/Audit Policy.

20. The Trust Funds' auditors, L.M. Henderson & Company, LLP (hereinafter "the Auditors"), requested information from SL1 Construction for the audit period of January 1, 2022, through the most recent quarter.

21. Plaintiffs have made repeated demands for SL1 Construction to produce the requested records necessary to complete the payroll compliance audit. However, SL1 Construction has failed to comply with the requests.

22. SL1 Construction is obligated to pay any contribution and wage deduction deficiencies revealed to be due and owing by the payroll compliance audit, along with the resulting

liquidated damages, interest, and audit fees.

23. SL1 Construction has an ongoing obligation under the CBAs to pay contributions and wage deductions on behalf of its covered employees; thus, additional contributions, wage deductions, liquidated damages, and interest may become due and owing.

24. Plaintiffs have been required to employ the undersigned attorneys to compel SL1 Construction to comply with the payroll compliance audit.

25. SL1 Construction is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Defendant SL1 Construction be ordered to produce all records necessary for the Auditors to complete a payroll compliance audit for the period of January 1, 2022, through present date;

B. Judgment be entered in favor of Plaintiffs and against Defendant SL1 Construction in an unknown amount for any and all contributions and wage deductions revealed to be due and owing by the payroll compliance audit, along with the resulting liquidated damages and interest;

C. Judgment be entered in favor of Plaintiffs and against Defendant SL1 Construction in an unknown amount for any and all audit fees associated with the payroll compliance audit;

D. Judgment be entered in favor of Plaintiffs and against Defendant SL1 Construction for any other contributions, wage deductions, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in Paragraphs B and C above;

E. Defendant SL1 Construction be ordered to pay the reasonable attorneys' fees and costs

   incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections/Audit Policy, and 29 U.S.C. §1132(g)(2)(D); and

F. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant SL1 Construction's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

       Respectfully submitted,

       **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND** *et al.*

       /s/ Adam Y. Decker
       Adam Y. Decker (36407-53)
       JOHNSON & KROL, LLC
       11611 N. Meridian Street, Suite 310
       Carmel, Indiana 46032
       Phone: (317) 754-8720
       Facsimile: (312) 255-0449
       decker@johnsonkrol.com

       *One of Plaintiffs' Attorneys*